This is an appeal from a summary judgment granted in favor of the defendant attorney in a civil action brought by a convicted criminal defendant who contends that his court appointed attorney was guilty of legal malpractice in his representation of the defendant in the criminal case. We affirm.
In Mylar v. Wilkinson, 435 So.2d 1237, 1239 (Ala. 1983), the Court held that a complaint charging malpractice on the part of a lawyer was properly dismissed for failure to state a claim upon which relief could be granted where it contained no averment that "apart from the lawyer's negligence, he [the plaintiff] would have obtained a more favorable result in his criminal prosecution." In that case, we affirmed a judgment dismissing the complaint for failure to state a claim upon which relief could be granted. In this case, the court overruled the defendant's motion to dismiss the complaint and granted summary judgment after the defendant lawyer filed his own affidavit negating any inference of negligence in representing the plaintiff in the criminal case and also an affidavit by another lawyer who testified that, in his expert opinion, there had been no negligence on the part of the defendant. The trial court allowed the plaintiff to testify on the record in opposition to the motion for summary judgment and closely questioned him. He failed to raise an issue of material fact which would have prevented summary judgment in defendant's favor. Phillips v. Alonzo, 435 So.2d 1266 (Ala. 1983); Rule 56, A.R.Civ.P.
We hold that the complaint will not support a claim for relief in the absence of an averment that the conviction of the defendant was proximately caused by the alleged negligence of the lawyer and that, but for that negligence, he would have been acquitted. Herston v. Whitesell, 374 So.2d 267 (Ala. 1979).
The judgment of the trial court is affirmed.
AFFIRMED.
TORBERT, C.J., and JONES, BEATTY and ADAMS, JJ., concur.