This is an appeal from a summary judgment entered in favor of the defendant, Gary C. Young, in a civil action brought by Samuel C. Streeter, who contends that Young was guilty of legal malpractice in his representation of Streeter in Streeter's criminal case. We affirm.
Rule 56, A.R.Civ.P., sets forth a two-tiered standard for determining whether to enter summary judgment. To enter a summary judgment, the trial court must determine: 1) that there is no genuine issue of material fact; and 2) that the moving party is entitled to a judgment as a matter of law. Rule 56;RNH, Inc. v. Beatty, 571 So.2d 1039 (Ala. 1990). In determining if summary judgment is proper, the trial court must view the motion in the light most favorable to the nonmovant, and, in reviewing a summary judgment, this Court is limited to reviewing the factors and evidence considered by the trial court when it granted the motion. Turner v. Systems Fuel, Inc.,475 So.2d 539 (Ala. 1985).
Rule 56 is to be read in conjunction with the "substantial evidence rule" for actions filed after June 11, 1987. See §12-21-12, Alabama Code 1975; Bass v. *Page 1340 SouthTrust Bank of Baldwin County, 538 So.2d 794, 797-98
(Ala. 1989). Therefore, in order to defeat a properly supported motion for summary judgment, Streeter must present "substantial evidence," i.e., "evidence of such weight and quality that fairminded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved." West v. Founders Life Assurance Co. of Florida,547 So.2d 870, 871 (Ala. 1989).
Streeter has not presented substantial evidence of malpractice on the part of Young in defending Streeter.
This case is indistinguishable from Hines v. Davidson,489 So.2d 572 (Ala. 1986). In Hines, we noted that a legal malpractice complaint filed by a criminal defendant against trial counsel "will not support a claim for relief in the absence of an averment that the conviction of the defendant was proximately caused by the alleged negligence of the lawyer and that, but for that negligence, he would have been acquitted."Hines, 489 So.2d at 573, citing Herston v. Whitesell,374 So.2d 267 (Ala. 1979). Streeter failed to offer substantial evidence that his conviction was the proximate result of Young's alleged negligence, and that, but for Young's negligence, he would have been acquitted.
On the basis of Hines, the judgment of the trial court is affirmed.
AFFIRMED.
HORNSBY, C.J., and MADDOX, HOUSTON and KENNEDY, JJ., concur.