**Supreme Court**

No. 2012-208-Appeal.
No. 2012-211-Appeal.
No. 2012-212-Appeal.
No. 2012-214-Appeal.
(PC 10-4186)

Jean Ho-Rath et al.                    :

v.                    :

Rhode Island Hospital et al.                    :

NOTICE:    This opinion is subject to formal revision before publication in the Rhode Island Reporter.  Readers are requested to notify the Opinion Analyst, Supreme Court of Rhode Island, 250 Benefit Street, Providence, Rhode Island 02903, at Telephone 222-3258 of any typographical or other formal errors in order that corrections may be made before the opinion is published.

Supreme Court

No. 2012-208-Appeal.
No. 2012-211-Appeal.
No. 2012-212-Appeal.
No. 2012-214-Appeal.
(PC 10-4186)

Jean Ho-Rath et al.            :

v.            :

Rhode Island Hospital et al.            :

Present:  Suttell, C.J., Goldberg, Flaherty, Robinson, and Indeglia, JJ.

## O P I N I O N

**Justice Goldberg, for the Court.**  These consolidated appeals, arising from a single medical negligence case, came before the Supreme Court pursuant to an order directing the parties to appear and show cause why the issues raised therein should not summarily be decided. Before this Court are four appeals which arise from the entry of separate final judgments in favor of certain defendants in this action.  The judgments were entered after a Superior Court hearing on motions to dismiss filed by four groups of defendants, in accordance with Rule 12(b) of the Superior Court Rules of Civil Procedure.  At issue in each appeal is the application of G.L. 1956 § 9-1-14.1(1), an act that tolls the three-year statute of limitations for medical malpractice claims when the person claiming injury is a minor.[1]  After hearing the arguments of counsel and

---

[1] In pertinent part, G.L. 1956 § 9-1-14.1 provides that

> "an action for medical * * * malpractice shall be commenced within three (3) years from the time of the occurrence of the incident which gave rise to the action; provided, however, that:

carefully examining the memoranda filed by the parties, we are of the opinion that cause has been shown in part, and that some, but not all of the issues raised by these appeals may be decided at this time, and that the remaining claims shall be assigned to this Court's full argument calendar. For the reasons set forth in this opinion, we vacate the Superior Court judgments entered in favor of defendants Corning Incorporated and Quest Diagnostics, LLC. With respect to the appeals and cross-appeals filed by the plaintiffs and defendants Rhode Island Hospital, Miriam Hospital, Women & Infants Hospital, and each hospital's associated medical professionals, we direct that the questions raised by these appeals be assigned to the Court's full argument calendar.

**Facts and Travel**

On July 16, 2010, plaintiffs Jean and Bunsan Ho-Rath, individually and per proxima amici Yendee Ho-Rath (collectively plaintiffs),[2] filed suit against numerous defendants, alleging negligence, lack of informed consent, corporate liability, and vicarious liability for injuries sustained by their minor daughter Yendee, who was born on January 9, 1998, with alpha thalassemia, a genetic blood disorder. The plaintiffs subsequently filed a 124-page, 78-count amended complaint on September 17, 2010, naming twenty-four defendants and three John Doe

---

"(1) One who is under disability by reason of age, mental incompetence, or otherwise, and on whose behalf no action is brought within the period of three (3) years from the time of the occurrence of the incident, shall bring the action within three (3) years from the removal of the disability.

"(2) In respect to those injuries or damages due to acts of medical * * * malpractice which could not in the exercise of reasonable diligence be discoverable at the time of the occurrence of the incident which gave rise to the action, suit shall be commenced within three (3) years of the time that the act or acts of the malpractice should, in the exercise of reasonable diligence, have been discovered."

[2] For the sake of clarity, the individual plaintiffs will be referred to by only their first names; in so doing, we intend no disrespect.

defendants.[3]  The gravamen of plaintiffs' amended complaint is that, although testing for the specific genetic disorder was performed on Jean, Bunsan, and Yendee's older brother as early as 1993, defendants failed to correctly test, diagnose, and treat plaintiffs, resulting in Yendee manifesting the debilitating genetic disorder at birth.

On January 4, 2011, defendant Corning Incorporated (Corning) moved to dismiss plaintiffs' claims against it on the ground that such claims were time-barred by the statute of limitations set forth in § 9-1-14.1.[4]  Specifically, Corning argued that Jean and Bunsan's individual loss of consortium claims—as well as the claims made on behalf of Yendee—were not made within three years of the incident or occurrence giving rise to the suit.  Corning also cited to Dowd v. Rayner, 655 A.2d 679, 680 (R.I. 1995), in support of the argument that once a medical malpractice action is filed on behalf of a minor, the complaint cannot then be amended to add additional parties outside of the three-year statute of limitations.  As a result, Corning argued that all claims against it should be dismissed because the entity was not named in plaintiffs' original complaint.

On February 8, 2011, defendants Rhode Island Hospital, Miriam Hospital, and four associated medical doctors (collectively RIH defendants) filed a motion to dismiss Jean and Bunsan's derivative claims against those defendants.[5]  The RIH defendants argued that, although a minor may benefit from the tolling provision found in § 9-1-14.1(1), the statute of limitations is not tolled for the derivative claims of parents.  Accordingly, the RIH defendants argued that the

_____

[3] This opinion will discuss only the parties, facts, and travel that are relevant to the consolidated appeals currently before this Court.

[4] The plaintiffs' claims against Corning constitute counts 13 through 16 of the amended complaint; significantly, Corning was not a named defendant in plaintiffs' initial complaint.

[5] The plaintiffs' claims against the RIH defendants make up counts 1 through 4, 37 through 40, 45 through 50, 65 and 66 of the amended complaint.

parents' claims for loss of services, companionship, comfort and consortium—although derivative in nature—were time-barred based on the three-year statute of limitations for medical malpractice claims set forth in § 9-1-14.1.

The defendant Women & Infants' Hospital, along with three associated medical professionals (collectively W&I defendants), filed a motion to dismiss all claims contained in plaintiffs' amended complaint against those defendants on February 28, 2011.[6] In this motion, the W&I defendants argued that the statute of limitations for medical malpractice claims, found in § 9-1-14.1(1)—in conjunction with plaintiffs' failure to plead the applicable discovery rule contained in § 9-1-14.1(2)—barred the parents' claims as well as claims made on behalf of Yendee. The W&I defendants further cited to Bakalakis v. Women & Infants' Hospital, 619 A.2d 1105, 1107 (R.I. 1993), for the proposition that § 9-1-14.1(1) precludes Yendee from filing a complaint on her own behalf once she reaches the age of majority because her parents filed a claim on her behalf prior to that time.

On April 13, 2011, Quest Diagnostics, LLC (Quest) moved to dismiss plaintiffs' claims against that entity.[7] In this motion, Quest argued that the claims contained in the amended complaint solely concerned the analysis of blood tests performed on Bunsan in December 1993, and were therefore time-barred pursuant to the applicable statute of limitations set forth in § 9-1-14.1(1). Quest also argued—similar to the argument made by the W&I defendants—that because an action had already been filed on Yendee's behalf while she was a minor, she may not benefit from the tolling provision found in § 9-1-14.1(1) and was therefore precluded from filing suit on her own behalf even after she reached the age of majority.

---

[6] The claims against the W&I defendants constitute counts 5 through 8, 59 through 62, and 67 through 70 of the amended complaint.

[7] The counts contained in plaintiffs' amended complaint against Quest are 17, 18, 19 and 20.

The aforementioned motions were heard together before a Superior Court justice on June 27, 2011. In arguing against Rule 12(b) dismissal, plaintiffs posited that § 9-1-14.1(1) suspends the statute of limitations for a minor filing medical malpractice claims up until three years after the child reaches the age of majority. The plaintiffs also argued that, because the parents' claims are derivative, the statute of limitations for the parents' loss of consortium claims also are tolled along with the minor child's underlying medical malpractice claims. Finally, counsel for plaintiffs argued that § 9-1-19—the general disability tolling statute applicable to causes of action other than medical malpractice—rather than § 9-1-14.1(1), would be the operative statute in regard to defendants Corning and Quest, whose services strictly were limited to laboratory testing and analysis.

The trial justice rendered a bench decision on all motions on July 7, 2011. The trial justice determined that all of plaintiffs' claims, both direct and derivative, sounded in medical malpractice and were therefore governed by § 9-1-14.1. Based on her reading of § 9-1-14.1(1), the trial justice determined that two options were available to a minor seeking to commence a medical malpractice action: either an action could be commenced on behalf of the child within three years of the injury—or reasonable discovery of the injury—or the injured minor could bring suit on his or her own behalf within three years of attaining the age of majority. The trial justice therefore concluded that all of plaintiffs' claims were time-barred, because those allegations of injury had arisen more than three years before the action was commenced in 2010, and because plaintiffs did not plead any applicable discovery rule which would account for such delay.

Specifically concerning Corning and Quest, the trial justice found that, because plaintiffs added those entities more than three years after any testing or diagnosis which could give rise to

a cause of action, the claims against those entities also were barred. Finally, the trial justice held that the child retained the right to bring suit on her own behalf when she reached the age of majority, and up to three years thereafter. Final judgments subsequently entered on behalf of these defendants pursuant to Rule 54(b) of the Superior Court Rules of Civil Procedure. The plaintiffs and Corning, Quest, and W&I defendants each filed a timely and separate appeal.

## Standard of Review

"[T]he sole function of a motion to dismiss is to test the sufficiency of the complaint." Narragansett Electric Co. v. Minardi, 21 A.3d 274, 277 (R.I. 2011) (quoting Laurence v. Sollitto, 788 A.2d 455, 456 (R.I. 2002)). "In passing on a Rule 12(b) dismissal, this Court applies the same standard as the trial justice." Id. at 278 (citing Barrette v. Yakavonis, 966 A.2d 1231, 1233 (R.I. 2009)). "We thus are confined to the four corners of the complaint and must assume all allegations are true, resolving any doubts in plaintiff's favor." Id. (citing Laurence, 788 A.2d at 456). This Court will affirm a trial justice's grant of a Rule 12(b)(6) motion to dismiss "when it is clear beyond a reasonable doubt that the plaintiff would not be entitled to relief from the defendant under any set of facts that could be proven in support of the plaintiffs claim." Tarzia v. State, 44 A.3d 1245, 1251 (R.I. 2012) (quoting Palazzo v. Alves, 944 A.2d 144, 149-50 (R.I. 2008)).

## Discussion

In their respective appeals and cross-appeals, each party contends that the trial justice incorrectly interpreted § 9-1-14.1(1). The plaintiffs argue that, pursuant to § 9-1-14.1(1), medical negligence claims may be brought on behalf of a minor at any time before the minor attains the age of majority, at which point that minor—who is now an adult—has an additional three years to bring suit on his or her own behalf. The plaintiffs also contend that, in accordance

with § 9-1-41,[8] the parents must bring all derivative claims at the same time that a child's claims are advanced, regardless of when the complaint is filed. On the other hand, Corning, Quest, and the RIH and W&I defendants contend that the trial justice correctly dismissed Jean and Bunsan's derivative claims, but argue that she erred in interpreting § 9-1-14.1(1) to allow Yendee to bring an action on her own behalf when she reaches the age of majority.

Examining the parties' arguments as a whole, this Court is confronted with two issues of first impression: whether, in accordance with § 9-1-14.1(1), medical malpractice claims may be brought on a child's behalf at any time before the minor reaches the age of majority, and thereafter by the child within three years after attaining the age of majority, or—as the lower court ruled—medical malpractice claims must be brought on behalf of a minor within three years of the incident giving rise to the cause of action, or within three years after attaining the age of majority—but at no time in between. The second question presented—which depends on our resolution of the first issue—is whether parents may bring their derivative claims at whatever time the minor's medical negligence claims are pursued, or whether—as the trial justice concluded—parents must file all derivative claims within three years of the incident giving rise to the cause of action, even if the child's claims are not brought until sometime thereafter.

In light of these important issues, we are satisfied that cause has been shown; the issues presented in the consolidated appeals concerning the hospitals and medical providers shall be assigned to this Court's regular calendar for full briefing and argument. Therefore, in accordance with Article I, Rule 16 of the Supreme Court Rules of Appellate Procedure, each appellant's brief shall be due within forty days of the date of this opinion, followed by

---

[8] In pertinent part, § 9-1-41 states: "(c) Parents are entitled to recover damages for the loss of their unemancipated minor child's society and companionship caused by tortious injury to the minor. (d) Actions under this section shall be brought within the time limited under § 9-1-14 or 9-1-14.1, whichever is applicable, for actions for injuries to the person."

responsive briefing.

We next address whether the claims advanced against defendant corporations Corning and Quest sound in ordinary negligence—and not medical malpractice—and are therefore subject to the statute of limitations contained within § 9-1-19,[9] rather than § 9-1-14.1(1). At the July 7, 2011 hearing, the trial justice declared that all plaintiffs' claims, both direct and derivative, sounded in medical malpractice and therefore all were governed by § 9-1-14.1.[10] On appeal, plaintiffs argue that the claims against Corning and Quest do not sound in medical malpractice, but are claims for ordinary negligence, and are therefore subject to the statute of limitations contained in § 9-1-19. In response, defendants Corning and Quest cite Vigue v. John E. Fogarty Memorial Hospital, 481 A.2d 1, 3 (R.I. 1984), for the proposition that plaintiffs' claims against the laboratories are for medical malpractice and should therefore be subject to the statute of limitations in § 9-1-14.1(1).

In Vigue, this Court, when faced with determining whether an alleged tortious act—by a nurse employed by a hospital—constituted ordinary negligence or medical malpractice, turned to the legislative definition of the term medical malpractice. Vigue, 481 A.2d at 3. Medical malpractice currently is defined in G.L. 1956 chapter 37 of title 5 as "any tort, or breach of contract based on health care or professional services rendered, or which should have been

_____

[9] In total, § 9-1-19 provides:

> "**Disability postponing running of statute.** If any person at the time any such cause of action shall accrue to him or her shall be under the age of eighteen (18) years, or of unsound mind, or beyond the limits of the United States, the person may bring the cause of action, within the time limited under this chapter, after the impediment is removed."

[10] The trial justice explained that "[w]hen, as here, the claims asserted against the medical defendants challenge the quality, effectiveness, nature, or propriety of the professional services rendered, such claims are subject to the applicable medical malpractice statute of limitations [in § 9-1-14.1]."

rendered, by a physician, dentist, hospital, clinic, health maintenance organization or professional service corporation providing health care services and organized under chapter 5.1 of title 7, to a patient * * *."[11]  Section 5-37-1(8); Pierce v. Rhode Island Hospital, 875 A.2d 424, 427 n.1 (R.I. 2005).  We are of the opinion that laboratories, such as Corning and Quest, are not included within this definition.

Examining the plain language of § 5-37-1(8), we are convinced that Corning and Quest do not fall within the ambit of a physician, dentist, hospital, clinic, or professional service corporation organized under G.L. 1956 chapter 5.1 of title 7.[12]  Moreover, because laboratories are licensed pursuant to G.L. 1956 chapter 16.2 of title 23, Corning and Quest do not meet the definition of health maintenance organizations within the definition of medical malpractice.[13]  Therefore, we are of the opinion that, in the absence of clear statutory language to the contrary, the Legislature did not intend for negligence actions against laboratories to fall under the ambit of medical malpractice.  Accordingly, we are satisfied that the plaintiffs' claims against Corning and Quest sound in ordinary negligence and are therefore governed by the statute of limitations

---

[11] At the time Vigue v. John E. Fogarty Memorial Hospital, 481 A.2d 1 (R.I. 1984) was decided, the statutory definition of medical malpractice, set forth in G.L. 1956 § 5-37.1-1(f), contained language almost identical to the current definition of medical malpractice in G.L. 1956 § 5-37-1(8).  Consequently, chapter 37.1 of title 5 was subsequently repealed by our General Assembly effective January 1, 1987, by P.L. 1986, ch. 301, § 2.

[12] Pursuant to G.L. 1956 § 7-5.1-2, professional service corporations organized under § 7-5.1-1 are statutorily limited to the following professions:

> "(i) Physicians; (ii) Dentists; (iii) Attorneys at law; (iv) * * *; (v) Professional engineers; (vi) Architects; (vii) Certified public accountants and licensed public accountants; (viii) Veterinarians; (ix) Chiropractors; (x) Podiatrists; (xi) Registered nurses; (xii) Optometrists; (xiii) Physical therapists; (xiv) Landscape architects; (xv) Land surveyors; (xvi) Opticians; (xvii) Physician assistants; (xviii) Psychologists; or (xix) Midwives or nurse-midwives."

[13] Section 5-37-1(6) defines "[h]ealth maintenance organization" as "a public or private organization licensed pursuant to the provisions of chapter 17 of title 23 or chapter 41 of title 27."

set forth in § 9-1-19.  As a result, we vacate the final judgments entered in this case on behalf of the defendants Corning and Quest.

## Conclusion

For the reasons set forth in this opinion, we direct that the plaintiffs' appeal, as well as the appeals and cross-appeals of the RIH and the W&I defendants, be assigned to this Court's regular calendar for further briefing and argument.  Furthermore, because the plaintiffs' allegations against the defendants Corning and Quest are not medical malpractice claims, the judgments entered in favor of the defendant Corning and the defendant Quest are vacated.  Those cases may be remanded to the Superior Court for further proceedings.



**RHODE ISLAND SUPREME COURT CLERK'S OFFICE**

*Clerk's Office Order/Opinion Cover Sheet*

**TITLE OF CASE:**     Jean Ho-Rath et al. v. Rhode Island Hospital et al.

**CASE NO:**     No. 2012-208-Appeal.
No. 2012-211-Appeal.
No. 2012-212-Appeal.
No. 2012-214-Appeal.
(PC 10-4186)

**COURT:**     Supreme Court

**DATE OPINION FILED:**   May 2, 2014

**JUSTICES:**     Suttell, C.J., Goldberg, Flaherty, Robinson, and Indeglia, JJ.

**WRITTEN BY:**     Associate Justice Maureen McKenna Goldberg

**SOURCE OF APPEAL:**     Providence County Superior Court

**JUDGE FROM LOWER COURT**:

Associate Justice Sarah Taft-Carter

**ATTORNEYS ON APPEAL:**

For Plaintiffs:  Amato A. DeLuca, Esq.

For Defendants:  Robert P. Landau, Esq.
          Jeffrey S. Brenner, Esq.