**Supreme Court**

No. 2013-190-Appeal.
(PC 11-4645)

Ann Marie DiLibero          :

v.               :

Mortgage Electronic Registration Systems,   :
Inc. et al.

NOTICE:  This opinion is subject to formal revision before publication in the Rhode Island Reporter.  Readers are requested to notify the Opinion Analyst, Supreme Court of Rhode Island, 250 Benefit Street, Providence, Rhode Island 02903, at Tel. 222-3258 of any typographical or other formal errors in order that corrections may be made before the opinion is published.

Ann Marie DiLibero                    :

v.                    :

Mortgage Electronic Registration Systems,    :
Inc., et al.


Present:  Suttell, C.J., Goldberg, Flaherty, Robinson, and Indeglia, JJ.


**O P I N I O N**

**Justice Flaherty, for the Court.**  The plaintiff, Ann Marie DiLibero, appeals from a judgment dismissing her complaint against the defendants Mortgage Electronic Registration Systems, Inc. (MERS),[1] UBS Real Estate Securities, Inc. (UBS), USA Residential Properties (USA Residential), and Rushmore Loan Management Services, LLC (Rushmore).  On November 6, 2014, this case came before the Supreme Court pursuant to an order directing the parties to show cause why the issues in this appeal should not be summarily decided.  After hearing the arguments of the parties and examining the memoranda that they submitted, we are of the opinion that cause has not been shown, and we proceed to decide the appeal at this time without further briefing or argument.  For the reasons set forth in this opinion, we vacate the judgment of the Superior Court.

---

[1] For a detailed explanation on the function of MERS in the mortgage industry, see Bucci v. Lehman Brothers Bank, FSB, 68 A.3d 1069, 1072-73 (R.I. 2013).

# I

## Facts and Travel

On January 31, 2007, plaintiff purchased a home at 9 Jencks Road in Foster. To finance that transaction, plaintiff executed an adjustable-rate note, payable to New Century Mortgage Corporation (New Century), in the amount of $255,000. The note was secured by a mortgage on the property denominating plaintiff as borrower and MERS as mortgagee, acting as a "nominee for Lender and Lender's successors and assigns." Both the note and the mortgage designated New Century as the lender. Further, the mortgage provided that "[b]orrower does hereby mortgage, grant and convey to MERS, (solely as nominee for Lender and Lender's successors and assigns) and to the successors and assigns of MERS * * * with the Statutory Power of Sale." The mortgage was recorded in the land evidence records of the Town of Foster on February 4, 2007.

On April 2, 2007, New Century filed for bankruptcy in the United States Bankruptcy Court for the District of Delaware. On March 19, 2008, during the course of the bankruptcy proceedings, New Century filed a notice of rejection of executory contract regarding its membership agreement with MERS and its status as a MERS member.

Subsequently, on July 20, 2009, MERS, claiming to act as New Century's nominee, purportedly assigned the mortgage to UBS, recording the assignment in the land evidence records of Foster. However, on December 28, 2010, UBS assigned the mortgage to USA Residential. Once again, that assignment was recorded in the land evidence records of Foster.

Thereafter, USA Residential and its loan servicer, Rushmore, commenced foreclosure proceedings against plaintiff. Apparently, a foreclosure sale took place on August 2, 2011.[2]

On August 11, 2011, plaintiff filed an action against defendants in the Superior Court, seeking injunctive relief and a declaration that the mortgage assignments were void and the foreclosure sale was invalid. The plaintiff also sought to quiet title to the property and enjoin defendants from instituting any further foreclosure or eviction actions. Attached to plaintiff's complaint were several documents, including copies of the note, mortgage, purported assignments of the mortgage, New Century's notice of rejection of executory contract, and the MERS bylaws.

On November 8, 2011, defendants, in lieu of an answer, filed a motion to dismiss the complaint pursuant to Rule 12(b)(6) of the Superior Court Rules of Civil Procedure, asserting that plaintiff should be barred from challenging the foreclosure sale because it already had been conducted, that plaintiff lacked standing to challenge the validity of the assignments, and that USA Residential could properly foreclose on the property despite not being the original lender or note holder. The plaintiff objected to defendants' motion, averring that she had met her burden of stating a claim upon which relief could be granted.

On April 24, 2012, defendants' motion to dismiss was heard by a justice of the Superior Court. The hearing justice issued a written decision, finding that plaintiff lacked standing to challenge the assignments of the mortgage, but that even if she did, the assignments were valid, and the foreclosure proper. Further, the hearing justice found that the complaint was rife with conclusory statements and erroneous legal theories, all of which he discredited. On November 8,

---

[2] There are no documents in the record that confirm whether a foreclosure sale was, in fact, conducted on August 2, 2011.

2012, a judgment was entered, dismissing plaintiff's action.  The plaintiff filed a timely appeal to this Court.

## II

### Standard of Review

"[T]he sole function of a motion to dismiss is to test the sufficiency of the complaint." Narragansett Electric Co. v. Minardi, 21 A.3d 274, 277 (R.I. 2011) (quoting Laurence v. Sollitto, 788 A.2d 455, 456 (R.I. 2002)).  "In passing on a Rule 12(b) dismissal, this Court applies the same standard as the trial justice."  Id. at 278 (citing Barrette v. Yakavonis, 966 A.2d 1231, 1233 (R.I. 2009)).  "We thus are confined to the four corners of the complaint and must assume all allegations are true, resolving any doubts in plaintiff's favor."  Id. (citing Laurence, 788 A.2d at 456).  "A motion to dismiss may be granted only 'if it appears beyond a reasonable doubt that a plaintiff would not be entitled to relief under any conceivable set of facts[.]'"  Id. (quoting Estate of Sherman v. Almeida, 747 A.2d 470, 473 (R.I. 2000)).

## III

### Discussion

On appeal, plaintiff advances a number of arguments in an attempt to demonstrate why the dismissal of her complaint was premature.  First, plaintiff argues that the hearing justice did not use the correct legal standard when deciding the motion to dismiss.  Specifically, plaintiff avers that the hearing justice erroneously relied upon the standard articulated in Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).[3]  By contrast, defendants argue that the hearing justice used the

---

[3] In Ashcroft v. Iqbal, 556 U.S. 662 (2009), the United States Supreme Court explained that in the federal courts, the standard of review applicable to a motion to dismiss had been modified, requiring a complaint to contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Id. at 678 (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  Under the Court's newly articulated "plausibility standard," the plaintiff

proper standard and merely ignored the legal conclusions contained in plaintiff's complaint as required under Rhode Island law. After a review of the hearing justice's decision, it appears that he relied upon the standard articulated in Iqbal, despite the fact that this Court has yet to adopt that standard. Chhun v. Mortgage Electronic Registration Systems, Inc., 84 A.3d 419, 422-23 (R.I. 2014) ("This Court has not yet addressed whether continued adherence to our traditional Rhode Island standard is appropriate or whether the new Federal guide of plausibility should be adopted."). Instead, under Rhode Island law, the hearing justice was required to "assume all allegations [contained in the complaint] are true, resolving any doubts in [the] plaintiff's favor." Minardi, 21 A.3d at 278 (citing Laurence, 788 A.2d at 456). However, "[a]llegations that are more in the nature of legal conclusions rather than factual assertions are not necessarily assumed to be true." Doe ex rel. His Parents and Natural Guardians v. East Greenwich School Department, 899 A.2d 1258, 1262 n.2 (R.I. 2006). Applying the standard of review established by our case law, we shall turn our attention to the arguments on appeal.

At the outset, defendants contend that plaintiff lacked standing to challenge the mortgage assignments. This Court previously has had the opportunity to address whether a mortgagor has standing to challenge the validity of the assignment of his or her mortgage. Mruk v. Mortgage Electronic Registration Systems, Inc., 82 A.3d 527, 534-36 (R.I. 2013). In Mruk, we held that "homeowners in Rhode Island have standing to challenge the assignment of mortgages on their homes to the extent necessary to contest the foreclosing entity's authority to foreclose." Id. at 536. We see no reason to veer from our holding in Mruk in this case.

The plaintiff argues that the hearing justice erred in dismissing her complaint because she adequately alleged that the assignments of the mortgage, from MERS to UBS and from UBS to

must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).

- 5 -

USA Residential were invalid. In her complaint, the plaintiff alleged that, during the course of New Century's bankruptcy, it filed a notice of rejection of executory contract regarding its membership agreement with MERS and its status as a MERS member. To support that allegation, the plaintiff attached to the complaint a copy of the notice of rejection that had been filed in New Century's bankruptcy.[4] The plaintiff contends that New Century's MERS membership had been terminated, thereby prohibiting MERS from continuing to act as its nominee. Consequently, the plaintiff concludes that MERS lacked the authority to assign the mortgage to UBS. Conversely, the defendants argue that the facts, as alleged by the plaintiff, would not render the assignments void ab initio; rather, they would make the assignments voidable at the election of the parties thereto. However, in view of New Century's actions in the Bankruptcy Court rejecting its relationship with MERS, "the rejection of an executory contract or unexpired lease of the debtor constitutes a breach of such contract or lease." 11 U.S.C. § 365(g). Therefore, crediting the allegations of the plaintiff's complaint as true, as we must in this analysis, when New Century filed its rejection of the executory contract with MERS, the contract was breached and its relationship with MERS was terminated. See id. Thus, the subsequent assignment of the mortgage executed by MERS to UBS would be void ab initio because the assignor, MERS, had nothing to assign. See Culhane v. Aurora Loan Services of Nebraska, 708 F.3d 282, 291 (1st Cir. 2013); 17A Am. Jur. 2d. Contracts § 10 at 45-46 (2004) ("A void contract is void as to everybody whose rights would be affected by it if it were valid."). Based upon the facts as alleged in the complaint, it is our opinion that the plaintiff has adequately stated a claim upon which relief may be granted.

---

[4] When deciding a motion to dismiss, the hearing justice may refer to any documents attached to the complaint or deemed incorporated therein by reference. Bowen Court Associates v. Ernst &



**IV**

**Conclusion**

For the foregoing reasons, we vacate the judgment of the Superior Court, to which the papers in the case may be remanded.

---

Young, LLP, 818 A.2d 721, 725-26 (R.I. 2003) (citing Super. R. Civ. P. 10(c)).



**RHODE ISLAND SUPREME COURT CLERK'S OFFICE**

*Clerk's Office Order/Opinion Cover Sheet*

**TITLE OF CASE:**    Ann Marie DiLibero v. Mortgage Electronic Registration Systems, Inc. et al.

**CASE NO:**    No. 2013-190-Appeal.
(PC 11-4645)

**COURT:**    Supreme Court

**DATE OPINION FILED:**    January 14, 2015

**JUSTICES:**    Suttell, C.J., Goldberg, Flaherty, Robinson, and Indeglia, JJ.

**WRITTEN BY:**    Associate Justice Francis X. Flaherty

**SOURCE OF APPEAL:**    Providence County Superior Court

**JUDGE FROM LOWER COURT**:

Associate Justice Allen P. Rubine

**ATTORNEYS ON APPEAL:**

For Plaintiff:  John B. Ennis, Esq.

For Defendants:  Jennifer J. Normand, Esq.