June 13, 2024

Xavier T. Vidot                    :

v.                    :

Wayne T. Salisbury, Jr. et al.          :

NOTICE:  This opinion is subject to formal revision
before publication in the Rhode Island Reporter.  Readers
are requested to notify the Opinion Analyst, Supreme
Court of Rhode Island, 250 Benefit Street, Providence,
Rhode Island 02903, at Telephone (401) 222-3258 or
Email opinionanalyst@courts.ri.gov, of any typographical
or other formal errors in order that corrections may be
made before the opinion is published.

Xavier T. Vidot          :

v.                :

Wayne T. Salisbury, Jr. et al.    :

Present:  Suttell, C.J., Goldberg, Robinson, and Long, JJ.

# O P I N I O N

**Justice Robinson, for the Court.**  The plaintiff, Xavier T. Vidot, appeals

from a June 14, 2023 order of the Superior Court granting the motion to dismiss filed

by the several defendants—*viz.*, Wayne T. Salisbury, Jr.,[1] in his official capacity as

the Acting Director of the Rhode Island Department of Corrections (RIDOC); Lynne

Corry, in her official capacity as the Warden of the Maximum Security Facility; and

Richard Hahn, in his official capacity as the Deputy Warden of the Maximum

Security Facility.  On appeal, the plaintiff contends that the hearing justice erred in

granting the motion to dismiss because (1) he neglected to consider the plaintiff's

---

[1]     The complaint in this action named as a defendant Patricia Coyne-Fague, in her official capacity as the Director of the Rhode Island Department of Corrections. However, as of the time of the granting of the motion to dismiss, Ms. Coyne-Fague had been succeeded by Wayne T. Salisbury, Jr., in his official capacity as the Acting Director of the Rhode Island Department of Corrections. *See* Super. R. Civ. P. 25(d).

- 1 -

objection to the motion to dismiss and (2) he abused his discretion by failing to recognize that the internal policy of RIDOC concerning daily out-of-cell time at the Maximum Security Facility (RIDOC policy 12.27) was "[quasi legislation]."

This case came before the Supreme Court for oral argument pursuant to an order directing the parties to appear and show cause why the issues raised in this appeal should not be summarily decided. After considering the written and oral submissions of the parties and after carefully reviewing the record, we are of the opinion that cause has not been shown and that this case may be decided without further briefing or argument. For the reasons set forth in this opinion, we affirm the order of the Superior Court.

## I

## Facts and Travel

On January 3, 2023, plaintiff filed a complaint in Providence County Superior Court against defendants, seeking: (1) the issuance of a writ of mandamus; (2) a declaration that RIDOC was in violation of both G.L. 1956 § 42-56-10(22) and RIDOC policy 12.27; and (3) a permanent injunction ordering defendants to provide inmates with a daily minimum of 8.5 hours outside their cells. He asserted that defendants' alleged failure to allow inmates that amount of time outside their cells violated RIDOC policy 12.27 and also violated what he contended was a statutory mandate contained in § 42-56-10(22).

On May 3, 2023, defendants jointly filed a motion to dismiss the complaint pursuant to Rule 12(b)(6) of the Superior Court Rules of Civil Procedure. In their memorandum in support of the motion to dismiss, defendants contended that the "internal policies of RIDOC do not establish a private cause of action that would allow inmates to bring suit * * *." They further contended that a writ of mandamus should not issue because the application of RIDOC's internal policies calls for discretionary rather than ministerial decisions.

On May 24, 2023, plaintiff filed a response to the motion to dismiss, in which he contended that he had a cause of action as to a writ of mandamus because defendants had "a ministerial legal duty" to operate in accordance with RIDOC policy 12.27. In addition, plaintiff asserted that § 42-56-10(22) does not afford defendants any discretion except that which is allowed by internal policies; and he further argued that, under the policy, such discretion comes into play only "as a result of emergencies or other [overriding] conditions" and should persist only until it is possible for the schedule to be restored.

On June 9, 2023, a hearing on the motion to dismiss was held, at the conclusion of which the hearing justice granted the motion. Although the hearing justice did not articulate in so many words the principles as to when a writ of mandamus is appropriate, he noted that the "policies and procedures that govern these issues are internal;" and he further indicated that the internal policies were

discretionary functions because they are "not codified in the statute * * *." The order granting the motion to dismiss entered on June 14, 2023, from which plaintiff timely filed an appeal.

## II

## Standard of Review

It is a basic principle that "the sole function of a motion filed pursuant to [Rule] 12(b)(6) is to test the sufficiency of the complaint." *Ryan v. State, Department of Transportation*, 420 A.2d 841, 842 (R.I. 1980); *see also DoCouto v. Blue Water Realty, LLC*, 310 A.3d 360, 366 (R.I. 2024); *Laurence v. Sollitto*, 788 A.2d 455, 456 (R.I. 2002). In reviewing a Rule 12(b)(6) motion to dismiss, "this Court applies the same standard as the hearing justice * * *." *Chariho Regional School District v. Gist*, 91 A.3d 783, 787 (R.I. 2014) (*Chariho*). Ordinarily, "[w]hen ruling on a Rule 12(b)(6) motion to dismiss, the [hearing] justice must look no further than the complaint, assume that all allegations in the complaint are true, and resolve any doubts in a plaintiff's favor." *Multi-State Restoration, Inc. v. DWS Properties, LLC*, 61 A.3d 414, 416 (R.I. 2013) (brackets omitted) (quoting *Laurence*, 788 A.2d at 456); *see Pontarelli v. Rhode Island Department of Elementary and Secondary Education*, 176 A.3d 472, 476 (R.I. 2018).

We will affirm an order "granting a motion to dismiss when it is clear beyond a reasonable doubt that the plaintiff would not be entitled to relief from the defendant

- 4 -

under any set of facts that could be proven in support of the plaintiff's claim." *Serenska v. Wells Fargo Bank, N.A.*, 307 A.3d 1275, 1279 (R.I. 2024) (internal quotation marks omitted); *see Nerney v. Town of Smithfield*, 269 A.3d 753, 757-58 (R.I. 2022).

## III

## Analysis

On appeal, plaintiff contends that the hearing justice "failed to refer to Plaintiff's written response to Defendants['] Motion to Dismiss." He also asserts that, in granting the motion to dismiss, the "hearing [justice] abused his discretion by ignoring the aspect of [quasi legislation] which gives Policy Promulgated under a Statute the force and effect of that Statute * * *." (Emphasis omitted.) He alleges that, although RIDOC policy 12.27 states that RIDOC will adhere to its policy except in exigent circumstances, inmates at the Maximum Security Facility are not receiving the minimum promised amount of time out of their cells "even when [the facility is operating] at full capacity." The plaintiff further asserts that, because the policy is promulgated pursuant to a statute, RIDOC has a ministerial duty to adhere to its own policy and this duty is "in no way discretionary." The plaintiff argues that a policy promulgated pursuant to a statute "becomes [quasi legislation] or a legislative rule."

- 5 -

The defendants contend that, because the scheduling of out-of-cell time is "discretionary in nature," the hearing justice correctly ruled that plaintiff was not entitled to a writ of mandamus. They assert that § 42-56-10(22) delegates to RIDOC's director "the authority to promulgate necessary rules and regulations," which delegation of authority necessarily gives the director discretionary authority to determine the policies and procedures that should be implemented. They contend that RIDOC policy 12.27 likewise "involves a clear exercise of discretion" because it requires the scheduling of out-of-cell time in a manner consistent with safety and order.

It is a fundamental "principle that the issuance of a writ of mandamus is both an extreme and an extraordinary remedy." *Nerney*, 269 A.3d at 756 (internal quotation marks and brackets omitted); *see also Chariho*, 91 A.3d at 788; *City of Providence v. Estate of Tarro*, 973 A.2d 597, 604 (R.I. 2009). As such, "a writ of mandamus will be issued only when: (1) the petitioner has a clear legal right to the relief sought, (2) the respondent has *a ministerial duty* to perform the requested act without discretion to refuse,[2] and (3) the petitioner has no adequate remedy at law."

---

2    We have described a ministerial function as being "one that is to be performed by an official in a prescribed manner based on a particular set of facts without regard to or the exercise of his [or her] own judgment upon the propriety of the act being done." *Nerney v. Town of Smithfield*, 269 A.3d 753, 756 (R.I. 2022) (quoting *New England Development, LLC v. Berg*, 913 A.2d 363, 368-69 (R.I. 2007)); *see also Wilbur v. United States*, 281 U.S. 206, 218 (1930) ("Mandamus is employed

- 6 -

*Nerney*, 269 A.3d at 756 (internal quotation marks omitted). In the same vein, we have stated that it "is a basic principle that mandamus will not be issued to compel a public officer to perform an act the performance of which rests within his discretion." *Id.* at 757 (internal quotation marks and brackets omitted). If the performance of an act lies within the discretion of an official, we will not issue a writ of mandamus unless the official abused his or her discretion. *See Nerney*, 269 A.3d at 757-58; *Estate of Tarro*, 973 A.2d at 605.

In our view, the statute which outlines the duties of the director of the Department of Corrections, § 42-56-10, clearly bestows upon the director a great deal of discretion in the exercise of his or her duties. That statute states in pertinent part:

> "In addition to exercising the powers and performing the duties, which are otherwise given to him or her by law, the director of the department of corrections shall:
>
> "* * *
>
> "(2) Maintain security, safety, and order at all state correctional facilities, * * * take all necessary precautions to prevent the occurrence or spread of any disorder, riot, or insurrection of any state correctional facility * * *;
>
> "(3) Establish and enforce standards for all state correctional facilities;
>
> "* * *

to compel the performance, when refused, of a ministerial duty, this being its chief use.").

"(5) Manage, direct, and supervise the operations of the department;

"* * *

"(22) *Make and promulgate necessary rules and regulations* incident to the exercise of his or her powers and the performance of his or her duties, including, but not limited to, rules and regulations regarding nutrition, sanitation, safety, discipline, recreation, * * * care, and custody for all persons committed to correctional facilities * * *." (Emphasis added.)

This statute does not define what constitutes necessary rules or regulations; and the formulation of same is among the duties that have been delegated to the director of the department, as is also the case with respect to determining how best to maintain security, safety, and order within the correctional facilities, as well as determining what precautions may be necessary to prevent disorder. Consequently, it is our view that the determination of what rules and regulations are necessary plainly falls within the scope of the director's discretion.

RIDOC policy 12.27, which policy addresses the conditions of confinement, stated in section IV(D) (as of the time when plaintiff filed his complaint):

"4. Each facility affords all general population inmates access to activities on a routinely scheduled basis consistent with the orderly operation of that facility. Access is defined in terms of *daily* minimal out-of-cell times as set forth by each facility:

"* * *

"Maximum Security[:] 8.5 hours

"* * *

"5. The above schedule accommodates access to both indoor and outdoor recreation opportunities on a seasonal and 'weather permitting' basis.

"6. Alterations to the above schedule may occur as a result of emergencies or other overriding conditions. The schedule will be restored as soon as practicable within the safe and orderly operation of the facility."

The just-referenced policy was amended on July 30, 2023. Subsection 6, *supra*, was deleted and subsection 5 was amended to read as follows:

"5. RIDOC will adhere to out-of-cell times as outlined above, except for exigent circumstances which affect the operation of the facility(s). The schedule will be restored as soon as practicable within the safe and orderly operation of the facility."

The amended RIDOC policy 12.27-1 sets forth several examples of such exigent circumstances, which include severe weather conditions, catastrophes such as fire, and staffing shortages. It is our opinion that, in both the previous version of RIDOC policy 12.27 and the amended version (policy 12.27-1), the language contemplates that RIDOC must exercise its discretion in "exigent circumstances," in the case of "emergencies," or in the event of "overriding conditions"—all for the purpose of maintaining a "safe and orderly operation of the facility."[3] Even if there are

---

[3] Nothing in the record before us indicates that RIDOC's efforts to cope with such situations have lacked a rational basis or have not been carried out in good faith.

occasions when plaintiff has not received the full amount of 8.5 hours of out-of-cell time when the facility is operating at full capacity, as he alleges, it is noteworthy that both the previous version of policy 12.27 and the amended version (policy 12.27-1) indicate that exceptional circumstances can arise, and it is our view that that can happen even when the facility is operating at full capacity. Accordingly, it is clear to us that the hearing justice did not err in denying relief in the form of a writ of mandamus. *See Chariho*, 91 A.3d at 792; *Nerney*, 269 A.3d at 756-57.

Additionally, it is our definite view that plaintiff has not established that he has a clear right to support a request for injunctive relief. *See* 42 Am. Jur. 2d *Injunctions* § 19 (February 2024 update) ("[A]n injunction will not be issued unless the right of the applicant is clear.").

Having carefully reviewed the record, it is our view that the hearing justice did not err in granting the motion to dismiss and that he adequately addressed the discretionary nature of what the plaintiff requested and thereby responded to the plaintiff's objection to the motion to dismiss.

## IV

## Conclusion

For the reasons set forth in this opinion, we affirm the order of the Superior Court granting the motion to dismiss. The record in this case may be returned to that tribunal.

Justice Lynch Prata did not participate.

# STATE OF RHODE ISLAND

## SUPREME COURT – CLERK'S OFFICE
Licht Judicial Complex
250 Benefit Street
Providence, RI 02903



## OPINION COVER SHEET

| | |
|---|---|
| **Title of Case** | Xavier T. Vidot v. Wayne T. Salisbury, Jr., et al. |
| **Case Number** | No. 2023-286-Appeal. (PC 23-20) |
| **Date Opinion Filed** | June 13, 2024 |
| **Justices** | Suttell, C.J., Goldberg, Robinson, and Long, JJ. |
| **Written By** | Associate Justice William P. Robinson III |
| **Source of Appeal** | Providence County Superior Court |
| **Judicial Officer from Lower Court** | Associate Justice R. David Cruise |
| **Attorney(s) on Appeal** | For Plaintiff: <br><br> Xavier T. Vidot, *pro se* <br> For Defendant: <br><br> Selena Fortes, Esq. |