January 16, 2018

**Supreme Court**

No. 2016-336-Appeal.
(PC 15-4450)

Paul E. Pontarelli             :

v.             :

Rhode Island Department of Elementary    :
    and Secondary Education et al.

NOTICE: This opinion is subject to formal revision before publication in the Rhode Island Reporter. Readers are requested to notify the Opinion Analyst, Supreme Court of Rhode Island, 250 Benefit Street, Providence, Rhode Island 02903, at Tel. 222-3258 of any typographical or other formal errors in order that corrections may be made before the opinion is published.

Paul E. Pontarelli           :

v.                    :

Rhode Island Department of Elementary    :
   and Secondary Education et al.

Present:  Suttell, C.J., Goldberg, Flaherty, Robinson, and Indeglia, JJ.

# O P I N I O N

**Justice Flaherty, for the Court.**  The plaintiff, Paul E. Pontarelli, appeals from a Superior Court order granting the motion to dismiss of the defendants, the Rhode Island Department of Elementary and Secondary Education (RIDE) and Ken Wagner, in his capacity as the commissioner of RIDE.  Pontarelli sought access to records in RIDE's possession pursuant to the Access to Public Records Act (APRA), G.L. 1956 chapter 2 of title 38.  The catch, however, was that those purportedly public records were not related to the statutory mission of RIDE, but to the "private law practice" of one of RIDE's employees.  The agency rejected Pontarelli's request, prompting him to seek declaratory relief in the Superior Court.  That relief was denied, and Pontarelli timely appealed to this Court.  For the reasons set forth herein, we affirm the order of the Superior Court.

# I

## Facts and Travel

On April 13, 2015, Pontarelli sent the following request for public records to RIDE:

> "All records related to the private law practice of [a RIDE employee], which have been created, produced, printed, scanned, faxed, emailed, maintained or stored at or on the property of the Rhode Island Department of Education, the Rhode Island Council on Elementary and Secondary Education or the Rhode Island Board of Education including, but not limited to, computers, copiers, servers, computer storage systems and/or networks."

On April 21, 2015, the public information officer at RIDE denied Pontarelli's request:

> "Should there be any such records maintained or stored at or on the property of the Rhode Island Department of Education, the Rhode Island Council on Elementary and Secondary Education, or the Rhode Island Board of Education, such records would not be public records under the definition of 'public records' within the Access to Public Records Act, RIGL 38-2-2(4), as such records would not be made or received pursuant to law or ordinance or in connection with the transaction of official business by this agency."

Pontarelli appealed that denial to then-Commissioner Deborah A. Gist. He asserted that, under § 38-2-3(a), all records maintained or kept on file by a public body are public records. Nevertheless, Gist, too, rejected Pontarelli's request. She reasoned that the very section of APRA cited by Pontarelli provides that records maintained or kept on file by a public body are public records "[e]xcept as provided in § 38-2-2(4)," which defines public records as only those "made or received pursuant to law or ordinance or in connection with the transaction of official business by any agency." Accordingly, the commissioner reasoned, the requested records pertaining to the private law practice of the RIDE employee were not subject to disclosure. Gist further informed Pontarelli that APRA "does not go so far as to state that all records maintained or stored on the property of an agency are public records"; rather, she stated, they must be

maintained or stored there *by* the agency. Thus, Gist concluded, records that were related to the employee's private law practice "would not become public records based solely [on] the place of their storage."

Subsequently, Gist left her position, and Wagner became the commissioner of RIDE. Also around that time, Pontarelli learned of RIDE's network policy, which provides that "[t]ransactions resulting from network usage are the property of the [s]tate and are thus subject to open records laws." The policy also advises that email messages are considered public records pursuant to APRA and that RIDE records are open to public inspection.

Pontarelli then asked Wagner to reconsider Gist's decision of his appeal of RIDE's denial of his public-records request. Wagner did not dispute the contents of RIDE's network policy; however, he informed Pontarelli that a violation of that policy by an employee would be handled simply as a personnel matter. And Wagner, like Gist before him, notified Pontarelli that the requested records "related to the private law practice" of the RIDE employee were, by definition, not public records. Therefore, he declined to disturb the earlier denial.

Pontarelli then filed a complaint for declaratory relief in the Superior Court. He alleged, in essence, that he had filed a public-records request with RIDE; that that request had been denied by RIDE; and that he had thereafter pursued administrative appeals by petitioning Gist, and later Wagner, for review, to no avail. Pontarelli asserted that the requested records were public records, subject to disclosure, under APRA, and he asked the Superior Court to so declare.[1]

---

[1] Pontarelli first filed a complaint requesting a writ of mandamus; however, the Superior Court granted Pontarelli leave to amend, and his first amended complaint instead sought a declaratory judgment.

- 3 -

RIDE moved, pursuant to Rule 12(b)(6) of the Superior Court Rules of Civil Procedure, to dismiss the complaint. During the hearing on the motion to dismiss, the motion justice first discussed a procedural issue. He noted that the complaint, while setting forth Pontarelli's claim that he had requested and had been denied access to what he believed to be public documents, did not describe or identify the documents about which he requested declaratory relief. The motion justice recognized that, in ruling on a motion to dismiss pursuant to Rule 12(b)(6), he was restricted to the four corners of the complaint. At the same time, the motion justice reasoned that it would be an exercise in futility to rule on the motion without first knowing what documents had been sought.[2] Therefore, the justice determined that he would review the request.

Turning to the merits, the motion justice first clarified that he was charged with enforcing APRA, not RIDE's network policy. He then found that, under the definition of "public records" set forth in § 38-2-2(4), the requested records, related as they were to the private law practice of a RIDE employee, were not connected to the transaction of official business by RIDE. The motion justice also noted that the first exception to the definition of public records is records that relate to a client/attorney relationship. He concluded that construing APRA as requiring disclosure of the employee's attorney files relating to his private clients, but not those relating to his legal work at RIDE, would reach an absurd result. For all those reasons, the motion justice found that the requested documents were not public records, and he granted RIDE's motion to dismiss Pontarelli's complaint.

**The Appeal**

Before this Court, Pontarelli argues that the requested records indeed constitute public records under this Court's APRA precedent. He asserts that RIDE is cloaked with the burden of

---

[2] It is not in dispute that the relevant document request was attached to RIDE's memorandum in support of its motion to dismiss.

proving otherwise and that, in attempting to do so, RIDE cannot rely on any exception that is enumerated in § 38-2-2(4) because it did not raise such in its initial denial of his request and thus has waived any such reliance. Pontarelli also stresses that RIDE's position in this case is directly contrary to its own network policy. Finally, Pontarelli claims that RIDE's motion to dismiss should have been converted to a motion for summary judgment because the motion justice relied on a document that was not part of the complaint.

## II

## Standard of Review

"[T]he sole function of a motion to dismiss is to test the sufficiency of the complaint." *Narragansett Electric Co. v. Minardi*, 21 A.3d 274, 277 (R.I. 2011) (quoting *Laurence v. Sollitto*, 788 A.2d 455, 456 (R.I. 2002)). For that reason, "[w]hen ruling on a Rule 12(b)(6) motion [to dismiss], the trial justice must look no further than the complaint, assume that all allegations in the complaint are true, and resolve any doubts in a plaintiff's favor." *Multi-State Restoration, Inc. v. DWS Properties, LLC*, 61 A.3d 414, 416 (R.I. 2013) (quoting *Laurence*, 788 A.2d at 456). "The motion may then only be granted if it appears beyond a reasonable doubt that a plaintiff would not be entitled to relief under any conceivable set of facts * * *." *Id.* at 417 (quoting *Laurence*, 788 A.2d at 456). Generally, however, "when the motion justice receives evidentiary matters outside the complaint and does not expressly exclude them in passing on the motion, then Rule 12(b)(6) specifically requires the motion to be considered as one for summary judgment." *Id.* (quoting *Martin v. Howard*, 784 A.2d 291, 298 (R.I. 2001)). "In passing on a Rule 12(b) dismissal, this Court applies the same standard as the trial justice." *DiLibero v. Mortgage Electronic Registration Systems, Inc.*, 108 A.3d 1013, 1015 (R.I. 2015) (quoting *Minardi*, 21 A.3d at 278).

# III

## Discussion

### A

### Dismissal Under Rule 12(b)(6)

"A motion to dismiss under Rule 12(b)(6) allows a court to dispose of a proceeding at an early stage if the complaint fails to set forth provable facts under which relief could be granted." *Leone v. Mortgage Electronic Registration Systems*, 101 A.3d 869, 873 (R.I. 2014). Of course, in testing the sufficiency of a complaint, "[w]e thus are confined to [its] four corners * * * and must assume all allegations are true, resolving any doubts in plaintiff's favor." *Minardi*, 21 A.3d at 278.

The factual assertions in Pontarelli's complaint are nothing more than allegations that he had requested access to records pursuant to APRA, that those records were public records as defined in APRA, and that RIDE denied his request in violation of APRA. There was no copy of the request attached to the complaint, and it was neither quoted nor even described therein. In the absence of Pontarelli's public-records request, it was impossible for the motion justice to test the sufficiency of the complaint when RIDE moved to dismiss it pursuant to Rule 12(b)(6)—a crucial juncture in our rules of civil procedure. Recognizing this snag, RIDE submitted Pontarelli's APRA request to the motion justice as an attachment to its memorandum in support of its motion to dismiss; and, realizing that he needed to refer to it in passing on RIDE's motion, the motion justice considered the language therein.[3]

Nevertheless, the motion justice elected not to convert RIDE's motion to dismiss to a motion for summary judgment. This was despite his acknowledgment of Rule 12(b)'s mandate

---

[3] We observe that Pontarelli's memorandum in support of his objection to the motion to dismiss was also accompanied by attachments.

that "[i]f * * * matters outside the pleading are presented to and not excluded by the court, the motion [to dismiss under Rule 12(b)(6)] shall be treated as one for summary judgment and disposed of as provided in Rule 56 * * * "; and further, if such a conversion happens, that "all parties shall be given reasonable opportunity to present all material made pertinent to such motion by Rule 56." *See also Bowen Court Associates v. Ernst & Young, LLP*, 818 A.2d 721, 726 (R.I. 2003). The motion justice articulated the following reasoning for his decision:

> "[S]o if all the complaint ever said is [']I made an open records request, it was denied, the records are public, I'm entitled to them, give them to me,['] no agency could ever make a 12(b)(6). They'd have to go through the whole expense of doing discovery, writing summary judgment motions and everything else because you're saying I can't look, on that complaint, I have to take everything as true so, therefore, it's true that you filed it, it's true that it was denied, and it's true that it's a public record and, therefore, I can't dismiss it, and I put the agency through having to file a motion for summary judgment, maybe have to file affidavits, and everything else. Where this letter, and it's not like we are looking for a lot of documents. It's one document—
> " * * *
> "—and it's rather brief. And forget its length, it's integral to your complaint. You say they violated the open records law for failing to comply with something but, yet, you want to say, Judge, you can't look at it. So, therefore, let's get onto the next thing.
> "If you're correct on that, then I don't have to get to the substance. I just have to wait until you come back on summary judgment, and I'm not sure that that is efficient.
> "I could see if I start to dig into the records and say I've looked at them, and that's something totally different. I'm only questioning whether I can look at one document, and you don't think I can, for this motion."

Moreover, he said, "To convert this to a Rule 56 motion would not serve anything or add anything to the record, and it would not in any way assist the [c]ourt because this motion can be resolved as a matter of law." In response, Pontarelli reiterated his argument that, because he did not incorporate the request in the complaint, the motion justice was precluded from referring to its contents.

This Court has had occasion to visit this issue in the past.  In *Bowen Court Associates*, we said that a complaint's merely "mention[ing] or refer[ring] to" documents does not cause them to be incorporated in the complaint.  *Bowen Court Associates*, 818 A.2d at 726.  Thus, when the motion justice in that case received documents mentioned or referred to, but not incorporated, in the complaint sounding in negligence, and did not explicitly exclude them from her consideration, the motion to dismiss was automatically converted to a motion for summary judgment.  *Id.*  In *Bellevue-Ochre Point Neighborhood Association v. Preservation Society of Newport County*, 151 A.3d 1223 (R.I. 2017), where the hearing justice considered outside materials and "issued a thorough decision that considered the issues raised in [the] plaintiff's complaint," the motion to dismiss the declaratory-judgment action was converted to a motion for summary judgment.  *Bellevue-Ochre Point*, 151 A.3d at 1228-29.  In *Leone*, where both parties submitted to the motion justice documents outside the complaint for declaratory relief, we said that he properly converted the motion to dismiss to one for summary judgment, and neither party could claim to be aggrieved by lack of notice.  *Leone*, 101 A.3d at 873.  And, in *Tucker Estates Charlestown, LLC v. Town of Charlestown*, 964 A.2d 1138 (R.I. 2009), we held that "[a] dismissal of a declaratory-judgment action before a hearing on the merits, under Rule 12(b)(6), is proper only when the pleadings demonstrate that, beyond a reasonable doubt, the declaration prayed for is an impossibility."  *Tucker Estates*, 964 A.2d at 1140.

Although we do not depart from the holdings or reasoning of those cases, in the somewhat unusual posture of this case, we agree with the rationale of the motion justice. Pontarelli's complaint sought a declaratory judgment that he was entitled to access the records that he had requested from RIDE pursuant to APRA.  However, at the motion-to-dismiss stage, the motion justice did not yet know what records Pontarelli had requested.  Without looking to

- 8 -

Pontarelli's public-records request, RIDE's Rule 12(b)(6) motion would have been rendered a nullity, and RIDE would have been unfairly deprived of the use of this important procedural tool. Furthermore, absent any need for factual development, this was a case prime for preliminary review as to the sufficiency of the complaint—and, as a matter of law, whether Pontarelli's request sought "public records" as that term is defined in APRA. Even a period of limited discovery would have yielded no necessary or relevant information, and a subsequent motion for summary judgment would have been decided as a matter of law based on the public-records request alone. Unless the motion justice found that Pontarelli's complaint stated a valid claim for relief in that he was potentially entitled to those records, nothing more could have been accomplished. And that finding would have been impossible for the motion justice to make without considering the public-records request, a document so intertwined with the complaint as to become part of it, even without appending the request thereto or incorporating it by reference therein. *See Beddall v. State Street Bank & Trust Co.*, 137 F.3d 12, 16, 17 (1st Cir. 1998) (adopting a "practical, commonsense approach" and stating that when "a complaint's factual allegations are expressly linked to—and admittedly dependent upon—a document (the authenticity of which is not challenged), that document effectively merges into the pleadings and the trial court can review it in deciding a motion to dismiss under Rule 12(b)(6)"). Accordingly, we hold that, under the narrow circumstances of this case, the motion justice did not err when he considered the language of Pontarelli's APRA request in ruling on RIDE's motion to dismiss.

## B

### The Merits

With the procedural posture resolved, we now examine whether it was "clear beyond a reasonable doubt that [Pontarelli] would not be entitled to relief * * * under any set of facts that

could be proven in support of [his] claim." *Chhun v. Mortgage Electronic Registration Systems, Inc.*, 84 A.3d 419, 422 (R.I. 2014) (quoting *Palazzo v. Alves*, 944 A.2d 144, 149-50 (R.I. 2008)). That determination hinges on whether "records related to the private law practice of [a RIDE employee], which have been created, produced, printed, scanned, faxed, emailed, maintained or stored at or on the property of [RIDE]," are "public records" under APRA.

Section 38-2-2 defines "public records" as "all documents, papers, * * * computer stored data (including electronic mail messages * * * ), or other material regardless of physical form or characteristics *made or received pursuant to law or ordinance or in connection with the transaction of official business by any agency*." Section 38-2-2(4) (emphasis added). That section goes on to enumerate certain exceptions which, "[f]or the purposes of [APRA], * * * shall not be deemed public[.]" *Id.* In turn, § 38-2-3 states, "*[e]xcept as provided in § 38-2-2(4)*, all records maintained or kept on file by any public body, whether or not those records are required by any law or by any rule or regulation, shall be public records and every person or entity shall have the right to inspect and/or copy those records * * *." Section 38-2-3(a) (emphasis added).

Pontarelli asserts that the requested records related to the "private law practice" of the employee are public records as defined in APRA because, under § 38-2-3(a), those records are "maintained or kept on file by" RIDE and because they do not fall within an exception enumerated in § 38-2-2(4).[4] However, such an interpretation completely reads the definitional language of § 38-2-2(4)—that public records are those "made or received pursuant to law or

---

[4] On this point, Pontarelli contends that RIDE has waived any argument that the requested records fall within an exception enumerated in G.L. 1956 § 38-2-2(4) because RIDE failed to specify that reason for nondisclosure when it initially denied Pontarelli access. *See* § 38-2-7(a) ("Except for good cause shown, any reason not specifically set forth in the denial shall be deemed waived by the public body."). This issue will be addressed *infra*.

ordinance or in connection with the transaction of official business by any agency"—out of the statute. In previous opinions, this Court has clearly read §§ 38-2-2(4) and 38-2-3(a) in conjunction with one another in defining what constitutes a public record for the purposes of APRA. *See Providence Journal Co. v. Sundlun*, 616 A.2d 1131, 1134 (R.I. 1992) ("Read consecutively, §§ 38-2-2[(4)] and 38-2-3 set forth the definition of a public record for the purposes of disclosure under the act * * *."); *Hydron Laboratories, Inc. v. Department of Attorney General*, 492 A.2d 135, 137 (R.I. 1985) ("Although § 38-2-3 of APRA states that 'all records maintained or kept on file by any public body * * * shall be public records and every person shall have the right to inspect and/or copy such records,' certain definitional limitations were included in respect to which documents would constitute 'public records' and would therefore be readily disclosed."). It is true, as Pontarelli argues, that we have also said that "records are subject to public disclosure unless they fall within one of the enumerated exceptions contained in APRA." *The Providence Journal Co. v. Convention Center Authority*, 774 A.2d 40, 46 (R.I. 2001); *see also Pawtucket Teachers Alliance Local No. 920, AFT, AFL-CIO v. Brady*, 556 A.2d 556, 557 (R.I. 1989) ("Section 38-2-3 * * * of APRA grants every individual the right to inspect and copy all records maintained by public entities subject to * * * express exceptions contained in § 38-2-2 * * *."). However, it is our opinion that that proclamation rests squarely on the assumption that the records are subject to public disclosure *ab initio* because they satisfy the fundamental requirement that they were "made or received pursuant to law or ordinance or in connection with the transaction of official business by any agency." Section 38-2-2(4). Only records that meet that definition must fall under an enumerated exception to be exempted from public disclosure. After all, the language of § 38-2-2(4) that, "[f]or the purposes of [APRA]," records that qualify for an exception "shall not be deemed public" necessarily implies that they

first meet the basic definition of "public records." Accordingly, we take this opportunity to clarify that records must satisfy the underlying definition of "public records" to be subject to disclosure under APRA.

Viewing the matter through that prism, we hold without hesitation that the records Pontarelli requested are not public records for the purposes of APRA. In no way are records related to the *private* law practice of a RIDE employee "made or received pursuant to law or ordinance or in connection with the transaction of official business by [RIDE]." Section 38-2-2(4). Indeed, the very language of Pontarelli's public-records request and the nature of the requested documents undermine his claim. As such, his complaint in the Superior Court "fail[ed] to set forth provable facts under which relief could be granted[,]" and the motion justice properly disposed of it on RIDE's motion to dismiss. *Leone*, 101 A.3d at 873.

As a last salvo, Pontarelli falls back on an argument that RIDE failed to satisfy its burden of proving that the requested records should not be accessible to the public. He is correct that, generally, an agency bears the burden of showing that records requested pursuant to APRA are not subject to disclosure. *See* § 38-2-10 ("In all actions brought under this chapter, the burden shall be on the public body to demonstrate that the record in dispute can be properly withheld from public inspection * * *."). However, it must first be the case that the records sought meet the definition of "public records." Again, the language of Pontarelli's own request revealed that the records could "be properly withheld from public inspection under [APRA]." *Id.* RIDE therefore had no obligation to affirmatively make such a demonstration. Furthermore, for that same reason, RIDE had no need to rely on the applicability of one of the exceptions enumerated in § 38-2-2(4). Consequently, we need not consider Pontarelli's waiver argument. *See Grady v. Narragansett Electric Co.*, 962 A.2d 34, 42 n.4 (R.I. 2009) (referring to "our usual policy of not

opining with respect to issues about which we need not opine"). Finally, we pause to note that RIDE's own network policy—even if it were to characterize the requested records as accessible via APRA—has no bearing on the outcome of this case. *See State v. Rhode Island Alliance of Social Services Employees, Local 580, SEIU*, 747 A.2d 465, 469 (R.I. 2000) (stating the "fundamental proposition" that "applicable state * * * law trumps * * * contrary practices of the parties").

## IV

## Conclusion

For the reasons stated herein, we affirm the order of the Superior Court. The record shall be returned to that tribunal.

## SUPREME COURT – CLERK'S OFFICE

## OPINION COVER SHEET

| | |
|---|---|
| **Title of Case** | Paul E. Pontarelli v. Rhode Island Department of Elementary and Secondary Education et al. |
| **Case Number** | No. 2016-336-Appeal.<br>(PC 15-4450) |
| **Date Opinion Filed** | January 16, 2018 |
| **Justices** | Suttell, C.J., Goldberg, Flaherty, Robinson, and Indeglia, J.J. |
| **Written By** | Associate Justice Francis X. Flaherty |
| **Source of Appeal** | Providence County Superior Court |
| **Judicial Officer From Lower Court** | Associate Justice Richard A. Licht |
| **Attorney(s) on Appeal** | For Plaintiff:<br><br>Jeffrey D. Sowa, Esq. |
| | For Defendants:<br><br>Meghan E. Siket, Esq.<br>Joseph D. Whelan, Esq. |