**Supreme Court**
No. 2023-375-Appeal.

Hongnian Guo            :

v.            :

Barrington Police Department et al.    :

## O R D E R

The plaintiff, Hongnian Guo, appeals from a Superior Court order granting the defendants'[1] motion to dismiss "without prejudice." Said motion had invoked both Rule 8(a) and Rule 12(b)(6) of the Superior Court Rules of Civil Procedure, and the hearing justice cited both rules in granting the motion to dismiss. The order granting the motion to dismiss was entered on December 11, 2023; and the plaintiff, who was not represented by counsel in the Superior Court and is also self-represented in this Court, filed a notice of appeal on the same day.

This case came before the Supreme Court pursuant to an order directing the parties to appear and show cause why the issues raised in this appeal should not be summarily decided. After considering the parties' written and oral submissions and

---

[1] The caption of the plaintiff's complaint names a specific Barrington police officer (Lt. Benjamin Ferreira) in addition to the Barrington Police Department. However, the complaint contains no specific allegations against or other references to that officer.

after carefully reviewing the record, we conclude that cause has not been shown and that this case may be decided without further briefing or argument. For the reasons set forth herein, we affirm the December 11, 2023 order of the Superior Court.

On August 3, 2023, plaintiff filed a handwritten complaint against defendants in the Superior Court. The complaint alleged that the Barrington Police Department had improperly served plaintiff with a restraining order that had been issued by the District Court in Brookline, Massachusetts. The complaint further alleged that defendants had improperly seized property from plaintiff and withheld records from him.

On August 28, 2023, defendants filed a motion to dismiss. The defendants' motion and the memorandum filed in support thereof contended that the complaint should be dismissed pursuant to Rules 8(a) and 12(b)(6). The defendants argued that, in disregard of the provisions of Rule 8(a), plaintiff had failed to put defendants on notice of the claims against them. Additionally, defendants contended that plaintiff's complaint was unclear, confusing, and conclusory. The defendants, citing Rule 12(b)(6), also contended that plaintiff's complaint failed to state a claim upon which relief might be granted.

On August 31, 2023, plaintiff filed an objection to defendants' motion to dismiss. Several weeks later, on October 10, 2023, plaintiff filed, among other

documents, six affidavits and a memorandum of law.[2]  In the October 10 filings, which were filed well after the complaint had been filed, plaintiff made reference to what he considered to be evidence relating to an abuse prevention order and the seizure of property from his home, all purportedly relevant to the allegations in his complaint.

On December 5, 2023, the hearing justice granted defendants' motion to dismiss, having determined that the complaint failed to meet the requirements of Rules 8(a) and 12(b)(6).  The hearing justice further noted that, although he was required to limit his review to the four corners of the complaint, his decision would not have been different if the October 10 filings and the later "updates" had been adequately "incorporated into the complaint * * *."

In reviewing a Rule 12(b)(6) dismissal, this Court applies the same standards applied by the hearing justice, limiting our review to the four corners of the complaint. *Fuller Mill Realty, LLC v. Rhode Island Department of Revenue Division of Taxation*, 313 A.3d 377, 381 (R.I. 2024).  In conducting this review, "we assume that the facts and allegations in the complaint are true, and we view them in the light most favorable to the plaintiff." *Id.* (quoting *Pontarelli v. Rhode Island Department of Elementary and Secondary Education*, 176 A.3d 472, 476 (R.I. 2018)).  A motion

---

[2]     The record reflects that plaintiff filed various "updates" to these documents on November 26, 2023.

to dismiss should be granted when it is determined beyond a reasonable doubt that the plaintiff would not be entitled to relief under "any conceivable set of facts." *Id.*

Having reviewed the record, we perceive no error in the hearing justice's grant of defendants' motion to dismiss. The plaintiff's complaint contained vague and conclusory allegations and ultimately failed to state a claim upon which relief might be granted. The plaintiff's short, handwritten complaint does not contain factual allegations of sufficient clarity and specificity to provide a comprehensible context; what is alleged is too vague to satisfy the requirements of the cited Rules. Accordingly, it is our view that the hearing justice did not err in dismissing plaintiff's complaint.

For the reasons stated herein, we affirm the order of the Superior Court. The record may be returned to that tribunal.

Entered as an Order of this Court this    7th    day of January 2025.

By Order,

/s/ Meredith A. Benoit, Clerk

Clerk

- 4 -



# STATE OF RHODE ISLAND

## SUPREME COURT – CLERK'S OFFICE

Licht Judicial Complex
250 Benefit Street
Providence, RI  02903

## ORDER COVER SHEET

| | | |
|---|---|---|
| **Title of Case** | Hongnian Guo v. Barrington Police Department et al. | |
| **Case Number** | No. 2023-375-Appeal.<br>(PC 23-3766) | |
| **Date Order Filed** | January 7, 2025 | |
| **Justices** | Suttell, C.J., Goldberg, Robinson, Lynch Prata, and Long, JJ. | |
| **Source of Appeal** | Providence County Superior Court | |
| **Judicial Officer from Lower Court** | Associate Justice Joseph J. McBurney | |
| **Attorney(s) on Appeal** | For Plaintiff: | |
| | For Defendants:<br><br>Julia K. Scott-Benevides, Esq. | |